UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOVELL THOMAS,

    Petitioner,

v.                                                                   Civil Action No. 2:12-cv-11707
                                                                   Honorable Lawrence P. Zatkoff

MARY BERGHUIS,

    Respondent.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION TO EXTEND TIME TO FILE REPLY BRIEF
AND DENYING MOTION FOR DISCOVERY AND TO APPOINT COUNSEL**

      This 28 U.S.C. § 2254 matter is before the Court because Petitioner Lovell Thomas, a state inmate incarcerated by the Michigan Department of Corrections currently housed at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a "Motion to Extend Time to File a Reply" [ECF No. 10], and a "Rule (6) Discovery Motion and Motion to Appoint Counsel " [ECF No. 11]. For the reasons stated below, the Court will grant in part and deny in part Petitioner's request for an extension of time in which to file his Reply Brief and will deny his Motions for Discovery and for the Appointment of Counsel.

### I. Motion to Extend Time to File Reply Brief

      Petitioner filed the pending Petition on April 17, 2012. ECF No. 1. On April 25, 2012, the Court ordered Respondent to file an Answer to the Petition by October 29, 2012. ECF No. 5. In that same Order, the Court also gave Petitioner forty-five days in which to file his Reply to Respondent's Answer. Respondent complied and filed her Answer and the Rule

5 materials on October 29, 2012. Petitioner is now asking the Court for an additional ninety days in which to file his Reply.

The Court will deny Petitioner's request for an additional ninety days in which to file his Reply Brief with the Court. Rather, the Court will grant Petitioner an additional sixty days in which to file his Reply to Respondent's Answer. The Court finds that Respondent will not be prejudiced by granting the Motion. Petitioner's Reply to Respondent's Answer to his Petition was due on December 13, 2012. The Court will allow Petitioner an additional sixty days, or until February 11, 2013, in which to file his Reply Brief with the Court.

## II.  Motions for Discovery and to Appoint Counsel

Petitioner also filed a Motion for Discovery, requesting the following: (1) all police reports; (2) the 911 call and log sheets; (3) photocopies of the original indictment, the habitual offender notice, and all witness lists; (4) the jury note; (5) docket entries of all proceedings, and (6) the preliminary-examination hearing transcripts that were held on January 9, 2009, and January 26, 2009.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery if the district judge "for good cause, authorize[s] a party to conduct discovery under the Federal Rules of Civil Procedure [ ]." Rule 6 Governing Habeas Corpus Cases Under Section 2254, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See*

2

*Bracy*, 520 U.S. at 908-09.  The burden is on the petitioner to establish the materiality of the requested discovery.  *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

In this case, Respondent's Answer and the Rule 5 materials were filed on October 29, 2012.  Until this Court reviews the Habeas Petition, Respondent's Answer to the Habeas Petition, and Petitioner's Reply Brief, it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow.  *See Shaw v. White*, No. 99-cv-75322-DT, 2007 WL 2752372, at *3 (E.D. Mich. Sept. 21, 2007) (Tarnow, J.).  Additionally, none of the Rule 5 materials have been reviewed by the Court, and review "of those materials may obviate the need to order discovery." *Id.* at *3.  Granting Petitioner's discovery request at this time would be premature.  Therefore, Petitioner's Motion for Discovery will be denied without prejudice.  No additional Motions need to be filed with respect to this issue.

Petitioner also has requested the appointment of counsel to assist him with his Habeas Petition.  However, there is no constitutional right to counsel in habeas proceedings.  *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require.  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.

3

*See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Here, Petitioner has filed a sixty-page Petition, raising ten different claims. Petitioner also has attached numerous exhibits to his Habeas Petition. Obviously, he has been able to file these Motions. With that, the Court concludes that he has the means and ability to present his claims to the Court. Moreover, until the Court has had an opportunity to review all of the pleadings and the Rule 5 materials, it is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Petitioner's request is denied without prejudice. The Court will reconsider the Motion if, following review of the Responsive Pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

### III. Conclusion

4

Accordingly, it is ordered that Petitioner's "Motion to Extend Time to File Reply" [ECF No. 10] is GRANTED IN PART AND DENIED IN PART. The Court denies Petitioner's request for an additional ninety-days in which to file his Reply Brief. Rather, the Court will allow Petitioner an additional sixty days, or until February 11, 2013, in which to file his Reply brief with the Court.

Petitioner's Motions for Discovery and for the Appointment of Counsel [ECF No. 11] are DENIED WITHOUT PREJUDICE.

SO ORDERED.

S/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: January 2, 2013